# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2951

_____

| | | |
|---|---|---|
| Charles C. Hunt, Jr., | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Michael J. Astrue,[1] Commissioner | * | [UNPUBLISHED] |
| of Social Security, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 14, 2007
Filed: September 20, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Charles C. Hunt, Jr., appeals the district court's[2] order affirming the denial of disability insurance benefits (DIB). Hunt applied for DIB and supplemental security income (SSI) in May 2001, alleging disability from lumbosacral pain and a neck

_____

[1]Michael J. Astrue has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

[2]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

problem. His date last insured for purposes of DIB was March 1993. His SSI application was granted on initial consideration. Following two hearings, an administrative law judge (ALJ) found that during the period relevant to the DIB application (1) Hunt's back condition was a severe impairment, but not of listing-level severity; (2) his subjective complaints were not entirely credible; (3) he had the residual functional capacity (RFC) to perform sedentary work with a sit-stand option; and (4) he could not perform his past relevant work, but based on the Medical Vocational Guidelines and on testimony from a vocational expert (VE), he could perform other jobs. The Appeals Council denied review, and the district court affirmed. Having carefully reviewed the record and considered Hunt's arguments, we affirm. See Karlix v. Barnhart, 457 F.3d 742, 746 (8th Cir. 2006) (standard of review); Pyland v. Apfel, 149 F.3d 873, 876 (8th Cir. 1998) (to qualify for DIB, claimant must establish existence of disability before expiration of insured status).

Because the ALJ's credibility determination was supported by good reasons and substantial evidence, we conclude that it is entitled to deference. See Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006). Contrary to Hunt's suggestion on appeal, the Veterans Administration's June 2001 determination as to his disability status was not binding on the Social Security Administration, see 20 C.F.R. § 404.1504, and the ALJ was not required to discuss it because it was not relevant to the period at issue. Given our conclusion that the ALJ's credibility findings were entitled to deference, we also find that the ALJ's RFC findings and related hypothetical were supported by the record. See Stormo v. Barnhart, 377 F.3d 801, 807-09 (8th Cir. 2004) (in determining RFC, ALJ should consider medical records, observations of treating physicians and others, and claimant's own description of his limitations; hypothetical is sufficient if it sets forth impairments supported by substantial evidence and accepted as true by ALJ). Finally, Hunt failed to rebut the presumption that the ALJ was unbiased. See Rollins v. Massanari, 261 F.3d 853, 857-58 (9th Cir. 2001) (quasi-judicial administrative officers, such as ALJs, are presumed to be unbiased, but presumption

can be rebutted by showing conflict of interest or another specific reason to disqualify ALJ).

Accordingly, we affirm.

_____